## CIRCUIT COURT OF THE CITY OF RICHMOND

Arnie Kirven

v.

Super Fresh Food Markets et al.

March 17, 1998

Case No. LC-3041-4

BY JUDGE RANDALL G. JOHNSON

I have now had an opportunity to read the cases cited by counsel. I do not believe that they allow a cause of action for false arrest in this case.

In *S. H. Kress & Co. v. Musgrove*, 153 Va. 348, 149 S.E. 453 (1929), the plaintiff was ordered out of a store by an employee of the defendant. Plaintiff attempted to leave the store by the front door. The employee would not let him. Instead, the employee caught the plaintiff by the arm and shoved him toward the back door. When they reached the back door, the employee shoved the plaintiff out the door. In holding that the plaintiff had made out a case of false arrest, the Supreme Court said:

> To constitute false imprisonment, it is not essential that a citizen should be confined in a common jail or placed in the custody of an armed guard; nor is he required to resist in order to maintain his freedom of locomotion. If under a reasonable apprehension that force will be employed unless he willingly submits, and he does submit to the extent that he is denied freedom of action, this, in legal contemplation, constitutes false imprisonment. That plaintiff was denied freedom of locomotion and right of action appears from the testimony of [employee] Johnson. When plaintiff requested that he be permitted to depart by way of the front door, Johnson denied him this right and privilege and took him by the arm and ejected him from the store by way of the rear door. Whether the act of Johnson resulted from malice or ill-will is a matter of small consequence. To justify his conduct, it

must be shown that he had a sufficient legal excuse therefor. This has not been done.

153 Va. at 356.

Similarly, in *Zayre, Inc. v. Gowdy*, 207 Va. 47, 147 S.E.2d 710 (1966), the plaintiffs, aged 13 and 14, left the defendant's store after buying a bathing suit. When they reached the sidewalk, the store's security officer, thinking they had stolen the bathing suit, confronted them, demanded that they open a suitcase one of the plaintiffs was carrying, and eventually directed them to go back into the store. The plaintiffs testified that they did not want to go back into the store but were afraid not to. Once inside the store, the cashier from whom they had bought the bathing suit told the guard they had paid for it. Plaintiffs were then allowed to leave. The court said:

> When the two young girls left defendant's store, they were accosted by a man in a police uniform. That in itself was enough to frighten and embarrass young girls of their age. He determined that the train case had not come from defendant's store but asked them to open it. While they were attempting to do so, he put his hand in the pocket of one of the girl's jacket, obviously for the purpose of searching for merchandise he thought she had stolen. After the case had been opened, he rummaged through it, and when the young ladies were unable to find the sales slip for the bathing suit which [plaintiff] Miss Gowdy told him she had bought in the store and put on under her smock, he forced them to go back into the store to prove she had bought it. The evidence shows they went back into the store because the security guard was a person of authority and the young ladies were afraid not to follow his directions. They were deprived of their right of freedom of movement and the right to come and go as they chose. Hence whether the young ladies had been falsely imprisoned was a question of fact for the jury.

207 Va. at 51.

The West Virginia cases cited by Mr. Framme are similar. In each of the cases, however, from West Virginia and Virginia, there was some restraint of the person; that is, a limitation on the person's freedom of movement. In the present case, the only restraint or limitation on plaintiff's freedom of movement was the plaintiff's ability to remain in the store. If this was done because of plaintiff's race, sex, religion, national origin, or other unlawful

reason, plaintiff has a cause of action under one or more civil rights laws. The court is unwilling to recognize a cause of action for false imprisonment simply for telling a person to "get out." The demurrer will be sustained.